UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD DWIGHT NASH,

    Plaintiff,

v.                                                         CAUSE NO. 3:19-CV-1162-DRL-MGG

ST. JOSEPH COUNTY JAIL, *et al.*,

    Defendants.

## OPINION AND ORDER

Richard Dwight Nash, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To state a 42 U.S.C. § 1983 claim, "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Nash alleges that, upon his arrival at the St. Joseph County Jail, correctional staff confiscated his jewelry, which included a wedding band and another ring with gemstones. On September 30, 2019, he wrote the Officer Yolanda Miller asking for his wedding band, but she denied the request, stating that Mr. Nash was not allowed to have a ring with gemstones. In person, he explained to Officer Miller that his wedding band did not have gemstones, but Officer Miller told him that she did not care and that, if he did not like her decision, he should not have come to jail. On October 2, he wrote to Warden Julie Lawson regarding the wedding band, but she did not respond. He also submitted a grievance, and Captain Olmstead responded that he would speak with

Officer Miller. On October 11, Captain Olmstead told Mr. Nash that his rings appeared to have gemstones and denied the request. As a result, he has suffered anxiety and difficulty sleeping.

Mr. Nash asserts claims against Officer Miller, Warden Lawson, and Captain Olmstead for refusing to return his wedding band. Because Mr. Nash is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Mr. Nash states a plausible Fourteenth Amendment claim against the defendants.

Mr. Nash also names the St. Joseph County Jail and Sheriff Redman as defendants. Though the St. Joseph County Jail is where these events occurred, the jail is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Additionally, for constitutional claims under 28 U.S.C. § 1983, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because the complaint does not explain how Sheriff Redman was personally involved, Mr. Nash may not proceed against him.

For these reasons, the court:

(1) GRANTS Richard Dwight Nash leave to proceed on a Fourteenth Amendment claim for money damages against Officer Miller, Warden Lawson, and Captain Olmstead for refusing to return his wedding band;

(2) DISMISSES the St. Joseph County Jail and Sheriff Redman;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process Officer Miller, Warden Lawson, and Captain Olmstead at the St. Joseph County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Miller, Warden Lawson, and Captain Olmstead to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Richard Dwight Nash has been granted leave to proceed in this screening order.

SO ORDERED.

January 16, 2020

*s/ Damon R. Leichty*
Judge, United States District Court