UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD DWIGHT NASH,

    Plaintiff,

v.       CAUSE NO. 3:19-CV-1162-DRL-MGG

JULIE LAWSON *et al.*,

    Defendants.

OPINION & ORDER

Richard Dwight Nash, a prisoner without a lawyer, currently proceeds on a Fourteenth Amendment claim for money damages against certain correctional officials, alleging that they refused to return his wedding band since his arrival at the St. Joseph County Jail. The defendants filed the instant motion to dismiss in part for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) saying he no longer has standing to pursue his claim.

The defendants don't argue that Mr. Nash lacked standing when he initiated this case but instead argue that this case has become moot because Mr. Nash has since received his wedding band. They rely on the proposition that "[a] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). "A case becomes moot, however, only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.*

Notably, Mr. Nash seeks money damages in this case rather than injunctive or declaratory relief. Returning Mr. Nash's wedding band may have rendered a request for injunctive or declaratory relief moot, *see Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), but Mr. Nash remains entitled to

money damages if he can demonstrate that the confiscation violated his Fourteenth Amendment rights. *See* 42 U.S.C. § 1983. Because the claim for money damages is not moot, the court denies the motion to dismiss for lack of subject matter jurisdiction.

The defendants also argue that they are entitled to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). They maintain that Mr. Nash is barred from pursuing this lawsuit because he has alleged only mental or emotional injuries. They rely on 42 U.S.C. § 1997e(e), which states, "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, this circuit has interpreted this provision as barring only compensatory damages for mental or emotional injury. *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003). Even if Mr. Nash is barred from pursuing compensatory damages, nominal and punitive damages would remain available. *See id.* Consequently, the court won't dismiss his claim on this basis.

Last, the defendants argue that they are entitled to dismissal on the basis that they confiscated the ring for three months because they erroneously believed it contained gemstones, the possession of which contravenes jail policy. Significantly, this argument relies on the Warden's affidavit, which presents information not contained in the complaint. According to the Federal Rules of Civil Procedure:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). In accordance with this provision, the court converts the instant motion into a motion for summary judgment and allows Mr. Nash additional time to respond. In the interest of efficiency, the court also provides the summary judgment notice for *pro se* litigants to Mr. Nash as required by *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Mr. Nash is advised to review the notice carefully.

Mr. Nash filed a letter asking for appointment of counsel. "[T]here is no constitutional or statutory right to court-appointed counsel in federal civil litigation." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (*en banc*). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties:

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654.

Mr. Nash doesn't say he has made any attempt at obtaining counsel on his own. As a result, the court cannot find that he made a reasonable attempt at obtaining counsel. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Pruitt,* 503 F.3d at 654; *Romanelli v. Suliene*, 615 F.3d 847 (7th Cir. 2010); *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013). Accordingly, the motion will be denied with leave to refile after Mr. Nash has sent a copy of this court's screening order to ten attorneys along with a letter requesting that they represent him. After waiting a reasonable length of time for responses, if he then asks the court to attempt to recruit a lawyer to represent him for free, he must attach whatever responses he has received. In addition, he needs to explain why he believes this case is difficult and why he is not competent to litigate it himself. He needs to detail all of his education and litigation experience. Until then, Mr. Nash will continue to proceed with this case *pro se*.

In the same letter, Mr. Nash asks for a court order for access to the jail law library. The court does not issue such orders as a matter of course, and Mr. Nash provides no explanation as to why a court order is necessary in this particular instance. Absent such an explanation, the request for a court order is denied.

For these reasons, the court:

(1) CONVERTS the motion to dismiss (ECF 11) to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d);

(2) GRANTS Richard Dwight Nash until <u>May 22, 2020</u> to file a response to the motion for summary judgment;

(3) DENIES the request to appoint counsel (ECF 14);

(4) DIRECTS the clerk to send Richard Dwight Nash ten copies of the screening order (ECF 4); and

(5) DENIES the request for a court order (ECF 14).

SO ORDERED.

April 23, 2020                             *s/ Damon R. Leichty*
                                            Judge, United States District Court

Enclosure

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD DWIGHT NASH

        Plaintiff,

    v.                             Case No. 3:19-cv-1162-DRL-MGG

JULIE LAWSON, et al.,

        Defendants.

NOTICE OF SUMMARY JUDGMENT MOTION

    A summary judgment motion has been filed against you. It asks the court to decide all or part of your case without a trial. It says that there should not be a full trial because you cannot win some or all of your claims. It asks the court to enter judgment against you. The party that filed the motion will win if the facts show that party is entitled to judgment. If you do not agree with the facts in the motion, you must submit affidavits or other evidence to dispute those facts.

    Copies of Rule 56 and Local Rule 56-1 are also attached. You should carefully read—and follow—all the rules. The outcome of this case may depend on it. Following the rules does not guarantee that the summary-judgment motion will be denied. But if you do not follow the

rules, you may lose this case.

Before the court rules on the motion, you have the right to file a response. If you do not respond to the summary judgment motion, you may lose this case. If you need more time to respond, you must file a motion asking for more time before the deadline expires. The court may—but is not required to—give you more time.

### Fed. Rule Civ. Proc. 56. Summary Judgment

(a) **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) **Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c)** **Procedures.**

    (1) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    (2) **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented

     in a form that would be admissible in evidence.

   (3) **Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

   (4) **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

   (1) defer considering the motion or deny it;

   (2) allow time to obtain affidavits or declarations or to take discovery; or

   (3) issue any other appropriate order.

(e) **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

   (1) give an opportunity to properly support or address the fact;

   (2) consider the fact undisputed for purposes of the motion;

   (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

   (4) issue any other appropriate order.

(f) **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

   (1) grant summary judgment for a nonmovant;

   (2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

(h) **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

## N.D. Ind. L.R. 56-1

(a) **Moving Party's Obligations**. The brief supporting a summary-judgment motion or the brief's appendix must include a section labeled "Statement of Material Facts" that identifies the facts that the moving party contends are not genuinely disputed.

(b) **Opposing Party's Obligations**.

  (1) **Required Filings**. A party opposing the motion must, within 28 days after the movant serves the motion, file and serve

    (A) a response brief; and

    (B) any materials that the party contends raise a genuine dispute.

  (2) **Content of Response Brief or Appendix**. The response brief or its appendix must include a section labeled "Statement of Genuine Disputes" that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary.

(c) **Reply**. The movant may file a reply brief within 14 days after a response is served.

(d) **Oral Argument**. The court will decide summary-judgment motions without oral argument unless a request under L.R. 7-5 is granted or the court directs otherwise.

(e) **Disputes about Admissibility of Evidence**. Any dispute regarding the admissibility of evidence should be addressed in a separate motion.

(f) **Notice Requirement for *Pro Se* Cases.** A party seeking summary judgment against an unrepresented party must serve that party with the notice contained in Appendix C.