UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD DWIGHT NASH,

    Plaintiff,

v.                                          CAUSE NO. 3:19-CV-1162-DRL-MGG

JULIE LAWSON *et al.*,

    Defendants.

OPINION & ORDER

Richard Dwight Nash, a prisoner without a lawyer, proceeds on a Fourteenth Amendment claim for money damages against Officer Miller, Captain Olmstead, and Warden Lawson for refusing to return his wedding band. The defendants filed a motion to dismiss on the basis that they didn't intend to punish Mr. Nash by refusing to return his wedding band. They attached the Warden's affidavit in support. According to the affidavit, their initial refusal was due to the erroneous belief that the wedding band had gemstones in violation of jail policy. They returned the wedding band on December 30, 2019, and Mr. Nash retained it in his possession as of the date of the affidavit, February 25, 2020.

Because the defendants relied on information not contained in the complaint, the court converted their motion to a motion for summary judgment. In response, Mr. Nash conceded that he could not identify any disputed facts from the affidavit (ECF 16). Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, the court

must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[P]unishment can consist of actions taken with an expressed intent to punish," or, "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not rationally related to a legitimate nonpunitive governmental purpose or that the actions appear excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Id.*

The undisputed record demonstrates that jail staff confiscated and temporarily refused to return the wedding band due to their mistaken belief that it contained gemstones in violation of jail policy. It further indicates that the jail staff returned the ring after recognizing that it did not. On this record, the court finds that no reasonable jury could conclude that the confiscation of the ring amounted to punishment in violation of the Fourteenth Amendment.

Though Mr. Nash doesn't contest the defendants' summary judgment argument, he alleges that he has experienced retaliation from jail staff for litigating this case, including a subsequent confiscation of the wedding band and unfavorable disciplinary proceedings. These allegations relate to events that are not included in the complaint, so they are irrelevant to resolving the motion for summary judgment.

Mr. Nash also asks the court to issue an order to the jail for access to the law library so that he can conduct legal research. The court previously denied this request because he did not explain why an order was necessary. ECF 15 at 3. This remains true here as Mr. Nash offers no insight as to

why an order is required for access to the law library. He cites no jail policy requiring such an order, nor does he describe his efforts in seeking access or the jail officials' responses. Nor is it clear that access to the law library was necessary for Mr. Nash to prepare a response. The court provided Mr. Nash with relevant law with respect to the constitutional rights of pretrial detainees and summary judgment procedures. ECF 4 at 2; ECF 15 at 5-9. Additionally, Mr. Nash's response that he could not identify any disputed facts demonstrates some understanding of the summary judgment process and further suggests that no amount of access to the law library would have assisted him in defeating summary judgment.

Finally, Mr. Nash asks the court to postpone a ruling on the motion until he is better able to address it. At this time, the defendants' motion has remained pending for five months, which is ample time for Mr. Nash to have prepared a more substantial response, and the court is not inclined to stay this case for indefinite period of time. The court also has considered deferring a ruling under Fed. R. Civ. P. 56(d)(2) and to allow this case to proceed to discovery. Given Mr. Nash's response regarding the absence of disputed facts, the court finds that discovery would be futile.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 11); and

(2) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED.

July 21, 2020                                         *s/ Damon R. Leichty*
                                                      Judge, United States District Court